504 So.2d 641 (1987)
Pedro VILLESCAS
v.
T.J. WARD GENERAL CONTRACTORS, INC. and J.R. Bernard Construction Company.
No. CA-6662.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1987.
Rehearing Denied April 15, 1987.
*642 John H. Butler, II, Barker, Boudreaux, Lamy & Foley, New Orleans, for appellee.
Denis Paul Juge, Sutherland & Juge, New Orleans, for appellants.
Before SCHOTT, KLEES and LOBRANO, JJ.
LOBRANO, Judge.
This appeal arises from the granting of a motion for summary judgment filed by plaintiff-appellee, Pedro Villescas (Villescas) against defendant's-appellants, T.J. Ward General Contractors, Inc. (Ward) and J.R. Bernard Construction Company (Bernard), for worker's compensation benefits, related medical expenses, penalties, attorney's fees, interest and costs.
Villescas was injured on March 21, 1984 during the course and scope of his employment with Ward and Bernard. Pursuant to LSA R.S. 23:1310, Villescas submitted his claim for worker's compensation benefits to the Office of Worker's Compensation Administration (OWCA) on January 5, 1985. On February 4, 1985, the OWCA issued a recommendation awarding Villescas temporary total disability benefits from the date of injury until able to return to gainful employment at the rate of $245.00 per week together with all related medical expenses. Ward and Bernard received this recommendation from the OWCA on February 14, 1985 and February 15, 1985, respectively, via certified mail. Neither Ward nor Bernard notified the OWCA of their rejection of this recommendation within the thirty day period required by LSA R.S. 23:1310.1. Subsequently, on April 3, 1985, the OWCA issued a certificate stating that no party had rejected the February 4, 1985 recommendation; that more than thirty (30) days had passed since receipt of the recommendation by each of the parties; and that, therefore, it was conclusively presumed that all parties had accepted the recommendation. See, La. R.S. 23:1310.1.[1]
*643 Villescas made demand upon Ward and Bernard for receipt of his weekly benefits and medical expenses pursuant to the recommendation of the OWCA. Bernard and Ward failed to respond, hence Villescas filed the instant suit to enforce the recommendation of the OWCA. The trial court granted summary judgment in favor of Villescas.
Although Ward and Bernard admit they did not reject OWCA's recommendation within the required thirty day period, they argue the trial court erred in the following respects:
1) The recommendation of the OWCA was not admissible evidence;
2) The acceptance or rejection of the recommendation merely permits the OWCA to close its files;
3) The words of the statute should be interpreted liberally to provide a cause of action regardless of the failure to timely reject;
4) Villescas did not meet his burden of showing there was no dispute of material facts and;
5) The "conclusive presumption" language in Section 1310.1 of Title 23 was not intended to abrogate the parties state and federal constitutional right to due process by preventing access to the court for full litigation of their disputes.

SPECIFICATIONS 2, 3 AND 5
The thrust of Ward and Bernard's arguments with respect to these specifications is whether their right to litigate the validity of Villescas' claim for compensation can be preempted by their failure to timely respond to OWCA's recommendations.
La. R.S. 23:1310, et seq. sets forth the administrative procedures that must be followed in pursuing a claim for workmen's compensation. A reading of the various provisions convinces this Court that the basic due process requirements of notice, and opportunity for hearing are satisfied. Ward and Bernard argue, however, that a liberal interpretation of La.R.S. 23:1310.1 requires a holding that due process is violated because their right to litigate is preempted by the statutorily required thirty day rejection. We disagree.
The test for determining the constitutional validity of a limitation statute is whether it allows a reasonable time for the assertion of the right it seeks to limit, with the legislature being primarily the judge of the reasonableness of the time period. Atchafalaya Land Co. v. F.B. Williams Cypress Co., 146 La. 1047, 84 So. 351 (1920), affirmed 258 U.S. 190, 42 S.Ct. 284, 66 L.Ed. 559 (1922); Bordlee v. Neyrey Park, Inc., 394 So.2d 822 (La.App. 4th Cir.1981). We agree with our brethren of the 1st Circuit that La. R.S. 23:1310.1 establishes a preemptive period. Schulin v. Service Painting Co. of Louisiana, 479 So.2d 939 (La.App. 1st Cir.1985), writ den. 481 So.2d 634. Further, in balancing the State's interest in bringing matters to a conclusion against an individual's Fourteenth Amendment rights, we find that the time period allowed is reasonable for all parties concerned. Hence, because Ward and Bernard failed to reject the recommendation timely, they are "conclusively presumed" to have accepted it.
Ward and Bernard further argue that the term "conclusively presumed" should not be interpreted so as to preclude their access to the courts for full litigation of their disputes. In actuality, this argument is but another version of their "due process" claims. As previously stated, the statute (La. R.S. 23:1310 et seq.) fulfills the basic due process requirements of notice and hearing. Despite their arguments to the contrary, Ward and Bernard were given the opportunity to litigate their claims before the administrator, and if not satisfied, could timely reject his findings and relitigate in district court. The statute is not unreasonable in this regard. Their failure to follow its provisions do not warrant "a second bite of the apple" under the guise of due process violations.

*644 SPECIFICATION NO. 1 & 4
Ward and Bernard assert that there exists material issues of fact which warrant a reversal of the summary judgment. We disagree.
Their argument is predicated on the assumption that Villescas' suit seeks a determination of the validity of his compensation claim. That assumption is incorrect. His suit seeks the enforcement of OWCA's recommendation which Ward and Bernard have accepted because of their inaction. In support of his motion, Villescas' propounded ten requests for admission of facts which Ward and Bernard failed to answer. A failure to answer is deemed an admission of the facts. La. C.C.Pro. Art. 1467. Basically, the admissions set forth the sequence of events before the OWAC, including the mailing and receipt by Ward and Bernard of the recommendations. Ward and Bernard have admitted in brief that they failed to timely respond.
Ward and Bernard further assert that Villescas cannot introduce into evidence the OWCA recommendation, citing La. R.S. 23:1310.1. The pertinent portion of that statute reads as follows:
"Such a recommendation shall be advisory only and shall not be admissible into evidence in any subsequent legal proceeding."
We are of the opinion that this provision is intended to prevent use of the OWCA recommendation in subsequent legal proceedings where it has been rejected by one or both parties. The obvious reason is that once it is rejected it bears no relevance or weight in a judicial determination of a subsequent workman's compensation suit. We believe that a recommendation, accepted by all parties, can be introduced into evidence when one party is seeking its enforcement. To rule otherwise would, in effect, prevent enforcement of the recommendation, and thus make the statute useless.
We therefore find that there are no genuine issues of material fact, and that the trial court was correct as a matter of law in granting the summary judgment.
AFFIRMED.
NOTES
[1] La. R.S. 23:1310.1 reads, in its entirety:

"A. Upon receipt, every claim for benefits filed under this Chapter shall be evaluated by the office. Within thirty days after the receipt of the claim, the office shall issue its recommendation for resolution and provide the parties with a copy of the recommendation by certified mail, return receipt requested. Such recommendation shall be advisory only and shall not be admissible into evidence in any subsequent legal proceeding. Within thirty days of receipt of the recommendation of the office, each party shall notify the office on a form to be provided by the director of the acceptance or rejection of the recommendation. A party failing to so notify the office shall be conclusively presumed to have accepted the recommendation of the office. Should any party notify the office that it rejects the recommendation, the office shall issue to each party a certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office's recommendation was rejected. Such certificate shall not set forth either the recommendation of the office or the name of the rejecting party or parties.
B. As used in this Subpart, "parties" means the employee or his dependent and the employer or his insurer."