HERBERT A. CADE, Judge Pro Tern.
August 26, 1985 Dorothy Williams was admitted to Pendleton Memorial Hospital suffering from a cough and shortness of breath. She suspected that her illness was caused by bleach and amonia fumes she breathed as a maid for the Fairmont Hotel, and so informed her doctor. After ten days’ treatment she was released, her condition on discharge diagnosed as probable viral pneumonia, “etiology still not clear.” Aetna Casualty refused worker’s compensation benefits, finding on the basis of her discharge report that her illness was not work related.
November 11, 1985 Dorothy Williams submitted a claim for temporary total disability benefits to the State Office of Worker’s Compensation, indicating that a bona fide dispute existed between herself, the Fairmont Hotel, and Aetna, as to the nature of her injuries. December 11, 1985 the Office wrote to inform her that her condition was not work related and that benefits were denied. She was further advised to accept or reject the Office’s determination within thirty days, and that upon her failure to do so acceptance would be conclusively presumed. See R.S. 23:1310.1. That she received this letter December 18, 1985 and did not respond is not disputed.
January 28, 1986 Mrs. Williams was admitted to Southern Baptist Hospital with shortness of breath and productive coughs. Her condition was diagnosed as bilateral pneumonitis. She was discharged February 20, 1986, readmitted four days later, and died February 25, 1986. Her death certificate, issued February 28, 1986, lists toxic pneumonitis as cause of death. March 21, 1986 the Office of Worker’s Compensation issued a certificate that no party had rejected its recommendation.
Mrs. Williams’ widower filed a petition for worker’s compensation death benefits under R.S. 23:1231 September 30, 1986. He attached to his petition copies of the December 11, 1985 rejection letter and the March 21, 1986 certificate. The trial court maintained an exception of no cause of action based on Dorothy Williams’ failure to reject the Office’s recommendation, and the petition was dismissed. Plaintiff filed a motion for new trial and then an amended supplemental petition, in which Dorothy Williams’ children were added as parties plaintiff, and in which it was alleged that Mrs. Williams’ death resulted from an occupational disease not medically recognized until mid-December, 1985. See R.S. 23:1031.1; 1209. Motion for new trial was denied; plaintiffs appeal.
We think the petition for death benefits states a cause of action. Although under section 1310.1 an employee or dependent who fails to notify the Office of rejection within thirty days is conclusively presumed to accept the Office’s recommendation, section 1331(C) provides:
... at any time after six months from the date of the acceptance by the parties of the recommendation of the director under R.S. 23:1310.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1.
Section 1209(A) provides moreover that claims for personal injury, including claims for death benefits, shall prescribe "... unless within one year after the accident a formal claim has been filed [with the Office.]” This section continues:
*861 ... Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all cases the claim shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
Section 1311 requires that suit be filed within the prescriptive period of section 1209, or within sixty days of receipt of the Office’s recommendation, whichever last occurs.
We agree with the interpretation of these provisions found in Rich v. Geo-source Wireline Services, Inc., 490 So.2d 1165 (La.App. 3rd Cir.1986) and Arthur v. Union Underwear Co., 492 So.2d 873 (La. App. 3rd Cir.1986). See also 2 Malone & Johnson, Workers’ Compensation Law & Practice § 381 (14 Louisiana Civil Law Treatise, 1980 & Supp.1987). Upon receipt of the Office’s adverse recommendation an employee has a choice. He may either reject and file suit immediately under section 1311, or he may accept, and in six months invoke the right to reconsideration provided by section 1331(C). Failure to reject within thirty days forcloses the first but not the latter course of action. An adverse decision on reconsideration may thereafter be rejected, and suit may be filed; the action is timely if brought within the prescriptive period of section 1311.
Villescas v. T.J. Ward General Contractors, 504 So.2d 641 (La.App. 4th Cir.1987) is not to the contrary. In that case neither party rejected the Office’s recommendation that temporary total disability benefits were due, and the presumption therefore applied. Having accepted the Office’s recommendation, the employer failed to respond to demand for benefits, and suit was filed to enforce the recommendation. See 504 So.2d at 643. The employer’s acceptance in that case was conclusive, as is Dorothy Williams’ acceptance conclusive in this case; the employer’s right to contest the determination that temporary benefits were due perempted. But failure to reject within thirty days did not convert a finding of temporary disability to one of permanent disability by divesting the employer of the right to proceed under section 1331. With passage of six months an employer is entitled to request administrative modification of an initial determination. Mrs. Williams is allowed no less.
Nor does Bordelon v. Vulcan Materials Co., 472 So.2d 5 (La.1985) prevent the Office from reconsidering a determination that injuries are not work related. Section 1331, as written over fifty years ago, and as interpreted and applied in that case, provided only for judicial reconsideration of a prior court judgment, and then only “on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation. See 472 So.2d at 10.[1] Even under this version of the statute reconsideration was allowed to show medical error in an initial diagnosis. See Zachary v. Bituminous Casualty Corp., 371 So.2d 1249 (La.App. 3rd Cir.1979).
The 1983 amendment in any event gave us a far different statute. It introduced the Office as the initial step in resolution of compensation disputes. R.S. 23:1291. The Office is allowed no more than thirty days to issue its recommendation, yet the recommendation is considered “advisory only,” and is without “any presumption of correctness as to the facts or the law,” at least when admitted into evidence in subsequent judicial proceedings. Id., § 1310.1. Section 1331(C), also added in 1983, specifically permits reconsideration by the Office of its own initial recommendation; moreover,
[t]he amendments delete from Section 1331 the requirement that a party seeking review allege that the ‘incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, *862 or misrepresentation.’ Presumably this omission makes the precise reason for the modification request irrelevant.
1 Malone & Johnson, § 284. We will not infer a contrary intent to bind the hands of the Office with a recommendation reached in only thirty days, and based on insufficient information or hasty diagnostics, especially where to do so would bar assertion of rights months before those rights accrue.
The judgment of the trial court is reversed. The exception of no cause of action is overruled, and the cause is remanded for further proceedings.
CIACCIO, J., concurs.

. The Supreme Court interpreted this language to mean that "the employee is not permitted to relitigate his original condition but must show a change in his compensable condition, such as progression, deterioration, or aggravation of the condition ...” Id.