KNOLL, Judge.
This appeal concerns medical expenses awarded in a worker’s compensation case.
Fireman’s Fund Insurance Company (hereafter Fireman’s Fund) brings this appeal contending the trial court erred in awarding Gail 0. Whitehead (hereafter Whitehead) $15,812.74 for medical expenses on a motion for partial summary judgment because there was a genuine issue of material fact.
For the facts and Whitehead’s medical' treatment, we refer the reader to our opinion addressing her claim in tort. Gail O. Whitehead, Et Vir. v. Fireman’s Fund Insurance Company, 529 So.2d 82 (La. App. 3rd Cir.1988).
On May 13,1986, the Louisiana Worker’s Compensation Administration (hereafter LWCA) made an official recommendation on Whitehead’s worker’s compensation claim which provided in pertinent part:
“Based on the information submitted to this Office, Gail Whitehead’s claim for compensation is work related.
It is the recommendation of this Office that temporary total benefits be reinstated and paid to Gail Whitehead from April 12, 1986 until she is physically able to return to gainful employment. Compensation has been calculated at the rate of $122.67 per week based on an average weekly wage of $184.00. In addition, all related medical expenses should be paid in accordance with the Act. Furthermore, all related expenses reasonably and necessarily incurred for obtaining service, medicines, and prosthetic devices should be paid, upon submission by the claimant, as provided in La.R.S. 23:1203.
It is the specific finding that claimant’s admissions to Pendleton Memorial-Methodist Hospital are provided for under the provision of La.R.S. 23:1203.
Penalties are assessed against Fireman’s Fund Insurance in the amount of 12% of all sums not timely paid as recommended in this finding.”
Since neither party rejected the recommendation, each was presumed to have accepted the recommendation as provided in LSA-R.S. 23:1310.1.
On July 28, 1986, Whitehead filed a petition in district court seeking payment of certain medical expenses, together with penalties and attorney’s fees in accordance with the recommendations of LWCA. After Fireman’s Fund answered, denying Whitehead’s petition, on August 29, 1987, Whitehead moved for summary judgment, contending there were no genuine issues of material fact and she was entitled to judgment as a matter of law. Fireman’s Fund filed a cross-motion for summary judgment, and asserted a peremptory exception of no cause of action, contending Whitehead had accepted the recommendation of LWCA and there existed no dispute with Fireman’s Fund. The trial court granted partial summary judgment in Whitehead’s favor, finding Fireman’s Fund had not paid $15,812.74 of medical benefits, and referred all other issues to trial on the merits.
Fireman’s Fund contends on appeal that partial summary judgment was improperly granted because there were genuine issues of material fact regarding the medical expenses Whitehead alleged were owed, and moreover she was not entitled to summary judgment as a matter of law. On the latter issue it argues, citing LSA-R.S. 23:1314, that, even if there are unpaid medical bills, Whitehead has failed to allege that she has not been furnished proper medical attention.
From the outset we note that Fireman’s Fund has confused the issue by stating that Whitehead has no cause of action because she has not alleged Fireman’s Fund’s failure to provide proper medical care. This standard is not applicable to the case sub judice. Whitehead sued Fireman’s Fund to enforce the LWCA recommendations both parties accepted. See Villescas v. T.J. Ward Genl. Contractors, Inc., 504 So.2d 641 (La.App. 4th Cir.1987). In this regard, this action is not per se a suit for worker’s compensation benefits and accordingly, LSA-R.S. 23:1314 is inapplicable.
*90 Thus, the limited question presented is whether there is a genuine issue of material fact that Fireman’s Fund failed to pay $15,812.74 for medical bills Whitehead incurred which, as recommended by LWCA, were related to her work-accident. In this regard, the sole argument of Fireman’s Fund is that the depositional testimony of its adjuster, Evelyn Miller, established the existence of such disputed material facts.
It is clear that the trial court based its award on Whitehead’s answer to an interrogatory filed on July 16, 1987. In that interrogatory Fireman’s Fund posed the following question: “Please list each invoice ... that has been paid by Gail 0. Whitehead, either personally or on her behalf, and the date that each was paid.” In response, Whitehead listed numerous providers and the total sum paid by her or on her behalf was $15,812.74.
After thoroughly reviewing the pleadings, the answers to interrogatories, the admissions of fact, the supporting affidavit filed on Whitehead’s behalf, and the depositional testimony of Fireman’s Fund’s adjuster, we can not say that there were no disputed issues of material fact. The record is not clear as to what amounts Fireman’s Fund did not pay. Furthermore, the interrogatory answer relied upon by the trial court only indicates those items Whitehead paid; it does not reveal anything about whether Fireman’s Fund also paid these sums, i.e., its payment to the provider, followed by the provider’s reimbursement to Whitehead. Moreover, our examination of Whitehead’s interrogatory answers, when compared to the testimony of the adjuster for Fireman’s Fund, reveals several line items which were paid by Fireman’s Fund, notwithstanding Whitehead’s assertions to the contrary. Accordingly, since the record reveals material disputed facts, we conclude that the trial court erred when it granted Whitehead’s motion for partial summary judgment. Therefore, we reverse the trial court’s granting of partial summary judgment, and remand this matter for trial on the merits.
For the foregoing reasons, the judgment of the trial court is reversed and this matter remanded to the tnal court for trial on the merits. Costs of appeal are assessed to Gail 0. Whitehead.
REVERSED AND REMANDED.