BARRY, Judge.
This appeal questions the constitutionality of administrative procedures on claims for worker’s compensation benefits.
C.J. Jackson was a laborer on the construction of Ferncrest Nursing Home when a concrete block wall fell on him. The general contractor was Hedgewood Homes, Inc. which subcontracted with Ladner Framing Contractors, Inc. which subcontracted with William A. Andry. Jackson was employed by Andry.
Jackson filed a claim against Hedgewood with the Office of Worker’s Compensation Administration (OWCA). On May 30, 1986 the OWCA issued a recommendation finding that Jackson was not entitled to benefits. Jackson rejected this recommendation and filed suit against Hedgewood.
Jackson then filed a claim with OWCA against Ladner and Aetna Casualty & Surety Company (Ladner’s compensation carrier). On March 20, 1987 OWCA issued a finding that Ladner was the statutory employer of Jackson and that Ladner and Aetna were required to pay temporary total disability benefits of $254.00 per week from March 18, 1986 “until he is physically able to return to any self-employment or gainful occupation for wages.” Penalties and attorney’s fees were assessed against Ladner. Neither Ladner nor Aetna rejected the recommendation within the thirty-day period required by La.R.S. 23:1310.1. On June 11, 1987 the OWCA issued a certificate verifying the failure to reject the recommendation. No benefits were paid. In July Jackson amended his lawsuit to include Ladner and Aetna. Hedgewood *114 filed a third-party demand against Ladner and Aetna.
In September 1987 Ladner and Aetna moved for summary judgment urging Lad-ner was not Jackson’s statutory employer. The motion was never heard because of defective service. Jackson’s motion for summary judgment as to Ladner and Aetna was granted.
Ladner and Aetna claim that La.R. S. 23:1310.1 does not meet minimum due process requirements because the OWCA recommendation process does not require a hearing. La.R.S. 23:1310.1 provides:
A. Upon receipt, every claim for benefits filed under this Chapter shall be evaluated by the office. Within thirty days after the receipt of the claim, the office shall issue its recommendation for resolution and provide the parties with a copy of the recommendation by certified mail, return receipt requested. Such recommendation shall be advisory only and may be admissible into evidence in any subsequent legal proceeding; however, the recommendation when admitted into evidence shall not be accorded any presumption of correctness as to the facts or the law. Within thirty days of receipt of the recommendation of the office, each party shall notify the office on a form to be provided by the director of the acceptance or rejection of the recommendation. A party failing to so notify the office shall be conclusively presumed to have accepted the recommendation of the office. Should any party notify the office that it rejects the recommendation, the office shall issue to each party a certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office’s recommendation was rejected. Such certificate shall not set forth either the recommendation of the office or the name of the rejecting party or parties.
B. As used in this Subpart, ‘party’ means the employee or his dependent or the employer or his insurer.
La.R.S. 23:1311(A) provides:
A. If any party rejects the recommendation of the office, the employee or his dependent shall present within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last, a verified petition to the district court which would have jurisdiction in a civil case, to the district court of the parish in which the injury was done or the accident occurred, to any court at the domecile or at the principal place of business of the defendant having jurisdiction of the amount in dispute, or to the district court of the parish in which the injuried employee or his dependent is domiciled, at the option of the petitioner.
La. R.S. 23:1317 provides, in pertinent part:
Each party shall have the right to be present at any hearing or to appear through an attorney. The court shall not be bound by technical rules or evidence or procedure other than as herein provided, but all findings of fact must be based upon competent evidence and all compensation payments provided for in this Chapter shall mean and be defined to be for only such injuries as are proven by competent evidence, or for which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself. The court shall decide the merits of the controversy as equitably, summarily, and simply as may be.
The statutory scheme does not provide for a hearing prior to issuance of the recommendation. However, Ladner and Aet-na had the right to negate the recommendation by simply completing a form within thirty days.
Our decision in Villescas v. T.J. Ward General Contractors, Inc., 504 So.2d 641 (La.App. 4th Cir.1987) is on point. In Vil-lescas the defendants also failed to reject the OWCA’s adverse recommendation and plaintiff’s motion for summary judgment was granted. Defendants urged that the worker’s compensation statutory scheme violated due process. We concluded that “[a] reading of the various provisions convinces this Court that the basic due process *115 requirements of notice, and opportunity for hearing are satisfied.” 504 So.2d at 643.
In addition, the administrative procedure is subject to judicial review (R.S. 23:1311(A)) which further meets due process requirements.
Ladner and Aetna next urge that the administrative provisions of the Compensation Act unconstitutionally fail to provide for appellate review of the OWCA recommendation. We disagree. Under La. R.S. 23:1310.1 an OWCA recommendation is only advisory, and if timely rejected has no presumption of correctness in subsequent legal proceedings which are subject to appellate review. Rather than appellate review of the recommendation, the statutory scheme provides for de novo consideration and appellate review. This assignment has no merit.
Finally, Ladner and Aetna urge that La. R.S. 23:1310.1 imposes an unreasonably harsh penalty for failure to timely reject the recommendation. They suggest that this Court hypothesize reasons why a party might fail to timely reject the OWCA recommendation.
La.R.S. 23:1331(C) provides:
At any time after six months after rendition of a judgment of compensation by the district court or at any time after six months from the date of the acceptance by the parties of the recommendation of the director under R.S. 23:1310.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1.
Ladner and Aetna’s argument that they will “pay benefits pursuant to the OWCA’s recommendation ad infinitum” and "for an undetermined and probably considerable length of time” is illusory, at best. Simply, Ladner and Aetna may seek review of OWCA’s recommendation after six months.
The judgment is affirmed.
AFFIRMED.