GUIDRY, Judge.
Plaintiff-appellant, Gale Bonin, allegedly injured her back on April 21, 1988 during the course and scope of her employment with defendant, Rapides Parish School Board. Bonin underwent surgery for this injury in the year 1989. Bonin received worker’s compensation benefits from the School Board’s insurer, Anglo-American Insurance Company. Anglo-American Insurance Company was replaced by Louisiana Insurance Guaranty Association (hereafter LIGA) pursuant to La.R.S. 22:1376 et seq. LIGA ceased paying benefits on April 28, 1989.
Without first filing her claim with the Office of Worker’s Compensation (hereafter OWC), Bonin filed this suit on August 21, 1989. The School Board and LIGA responded by filing an exception of prematurity based upon the provisions of La.R.S. 23:1314 which requires the claimant to first submit his/her claim to the OWC. The trial judge sustained the exception of prematurity and dismissed Bonin’s suit. Bo- *94 nin appealed urging that the worker’s compensation act, insofar as it requires a claimant to first file his/her claim with the OWC for informal resolution, unconstitutionally denies her due process, equal protection of the law and violates the Louisiana Administrative Procedures Act.
DUE PROCESS
Bonin contends that the LWCA violates due process because: (1) R.S. 23:1310.1 permits a recommendation by the OWC without a prior hearing; (2) R.S. 23:1306(B) deprives the claimant of information submitted to the OWC by the employer adverse to his/her claim; and, (3) R.S. 23:1310.1 allows introduction in evidence of the recommendation in a later proceeding.
Our brethren of the Fourth Circuit considered and rejected a challenge to the constitutionality of R.S. 23:1310.1, on the basis that the recommendation process without a prior hearing violates due process, in Villescas v. T.J. Ward General Contractors, Inc., 504 So.2d 641 (La.App.1987), and Jackson v. Hedgewood Homes, Inc., 529 So.2d 112 (La.App.1988). We agree with the reasoning of our appellate brethren in the cited cases and likewise reject appellant's contention.
We also find without merit appellant’s contention that due process is offended because the OWC’s recommendation may be introduced in evidence at a subsequent de novo hearing in the district court having jurisdiction of the matter. R.S. 23:1310.1 specifically provides that the OWC recommendation, if admitted into evidence, is not to be accorded any presumption of correctness as to the facts or law. As the court observed in Jackson, supra, at p. 115:
“Under La.R.S. 23:1310.1 an OWCA recommendation is only advisory, and if timely rejected has no presumption of correctness in subsequent legal proceedings which are subject to appellate review. Rather than appellate review of the recommendation, the statutory scheme provides for de novo consideration and appellate review.”
Due process is not offended by an administrative recommendation which has no presumption of correctness in either fact or law.
We likewise reject appellant’s contention that due process is offended because R.S. 23:1306(B) deprives the claimant of a right to the information submitted to the OWC by his/her employer. Due process is not offended by this provision because, at that stage of the proceeding, the claimant’s due process rights are not involved. The recommendation process provided by the LWCA is simply an administrative procedure for informal resolution of the claim. The claimant’s rights are not affected by the non-binding recommendation of the OWC which can be rejected, after which the claimant, if suit is filed in the district court, has available the many procedural devices for the discovery of evidence.
ACCESS TO THE COURTS
Bonin next argues that the LWCA denies her access to the courts without “unreasonable delay”, as mandated by Louisiana Constitution of 1974, Art. 1, Sec. 22. Bonin contends that the 30 day time period during which the OWC considers its recommendation, combined with the 30 day period within which the defendant must reply constitutes an unreasonable delay which in effect denies appellant access to the courts. For the reasons set forth in Bailey v. Pacific Marine Insurance Co., et al, 509 So.2d 508 (La.App. 3rd Cir.1987), writ denied, 510 So.2d 377 (La.1987), we reject this contention.
EQUAL PROTECTION
Bonin next argues that she is denied equal protection of the law because unemployed claimants are provided an administrative hearing for unemployment benefits with the Department of Labor, whereas worker’s compensation claimants must first make a claim with the OWC before they have an opportunity for a hearing in a district court.
We find no denial of “equal protection” in this case because the classes of workers, *95 unemployed workers and injured workers, are not under like circumstances and, in any event, if the claimants be considered under like circumstances, the classification furthers a legitimate state purpose.
“Equal protection” requires that all persons similarily situated and subject to state legislation shall be treated alike, both in privileges conferred and liabilities imposed. U.S. Const. Amend. XIV; La. Const. Art. 1, Sec. 3; State v. Petrovich, 396 So.2d 1318 (La.1981).
We discern no similarity whatever between the classes or in the problems faced by each class which applicable state legislation is designed to remedy. The dissimilarity of the classes is so obvious that we do not deem it necessary to point with specificity to the differences. In any event, even if the classes be considered under like circumstances, in our view, the privileges conferred and the liabilities imposed by the LWCA serve a legitimate state objective, i.e., a method for the informal hasty resolution of the claims of injured workers which assures prompt payment of medical expenses and worker’s compensation while at the same time affording the injured worker access to the courts in the event informal resolution is not accomplished.
ADMINISTRATIVE PROCEDURE ACT
Appellant next urges that the LWCA, which allows a recommendation by the OWC without a hearing, violates R.S. 49:955 which specifically requires a hearing before any adjudication. We find no merit in this contention.
As aforestated the non-binding recommendation of the OWC, which the parties are free to reject, is not an adjudication but merely an administrative procedure for informal resolution of a claim for worker’s compensation. The LWCA does provide a hearing if either party rejects the OWC’s recommendation.
PREMATURITY
The law is settled that a suit for worker’s compensation should be dismissed on an exception of prematurity if the claimant fails to first file his/her claim with the OWC. Bailey v. Pacific Marine Insurance Co., supra.
For these reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.