KNOLL, Judge.
This appeal concerns the constitutionality of Louisiana’s Worker’s Compensation Act. Plaintiff’s worker’s compensation suit was dismissed on a dilatory exception of prematurity. Plaintiff, Lee Alice Martin, appeals the judgment and contends the trial court erred in concluding that: 1) she must first proceed through the Louisiana Office of Worker’s Compensation before filing suit in district court and it is not a violation of procedural due process; 2) the administrative provisions of the Louisiana’s Worker’s Compensation Act (LSA-R.S. 23:1291 et seq.) affords her equal protection under the laws of Louisiana; 3) the rules and regulations adopted by the Louisiana Office of Worker’s Compensation do not violate the Administrative Procedure Act (LSA-R.S. 49:950 et seq.); 4) her only recourse against complying with alleged illegal rules and regulations of the Louisiana Office of Worker’s Compensation was to file a Writ of Mandamus; and, 5) that the administrative provisions of the Louisiana Worker’s Compensation Act do not unreasonably delay her access to the courts.
FACTS
On October 4, 1989, Martin filed a petition for worker’s compensation benefits against her employer, Rush’s Fabricare Center, Inc. (Rush), and its worker’s compensation insurer, Royal Insurance Company (Royal) for alleged injuries received in the course and scope of her employment on April 22, 1985. The suit also included a tort claim against an employee of Royal, J.A. Bautsch.
Defendants, Rush and Royal, filed a dilatory exception of prematurity alleging that Martin’s suit was premature since she did not comply with LSA-R.S. 23:1311 et seq., which requires that she first submit her claim to the Louisiana Office of Worker's Compensation for a recommendation.
At the trial level, Martin outlined the same five constitutional objections as alleged in this appeal to the administrative provisions of the Louisiana Worker’s Compensation Act (LWCA).
The learned trial court concluded that neither were unconstitutional, ruled that her worker’s compensation suit was premature, and dismissed her suit without prejudice at her costs. This appeal followed after Martin’s motion for new trial was denied.[1]
Recently, this court ruled on the constitutionality of the Louisiana Worker’s Compensation Act in Bonin v. Rapides Parish *709 School Bd., 583 So.2d 92 (La.App. 3rd Cir.1991), writ denied, 587 So.2d 701 (La.1991), which raised similar issues presented in this appeal. With Judge Guidry as organ for the court, we held that LWCA does not violate due process, does not deny access to the courts, and does not deny equal protection of the law. We incorporate the holdings of Bonin herein by reference.
PROCEDURAL DUE PROCESS
Martin contends that the administrative provisions of the LWCA deprive her of procedural due process guaranteed under the Louisiana Constitution and the United States Constitution. She avers that: 1) LSA-R.S. 23:1306(B) and LSA-R.S. 23:1293 deprive her of procedural due process since both statutes prevent her from obtaining adverse information from the employer such as time, date, place, cause and nature of the injury, and medical records that include rehabilitation and attempted rehabilitation of the injured employee; and, 2) LSA-R.S. 23:1310.1 violates the procedural due process requirement since no formal hearing is mandated even though the LWCA adjudicates disputed facts.
The United States Constitution provides that no State shall deprive any person of life, liberty, or property without due process of law. U.S. Const. Amendment 14.
Procedural due process imposes constraints on governmental decisions which deprive individuals of property interests within the meaning of the Fourteenth Amendment. Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Termination of statutory entitlements such as welfare benefits and unemployment compensation involve state action that adjudicates important rights. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); Skerbert v. Verner, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963).
Identifying what specific dictates of due process are required, the Supreme Court has enumerated these factors: first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government’s interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. Mathews, supra.
The Louisiana Constitution provides that “[n]o person shall be deprived of life, liberty, or property, except by due process of law.” La.Const. Article 1, Section 2. Procedural due process under the Louisiana Constitution encompasses prior notice and a chance to be heard. State v. Woodard, 387 So.2d 1066 (La.1980).
However, the obvious but sometimes overlooked initial requirement in any due process claim is that the claimant show the existence of some property interest that has been adversely affected by State action. Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330 (La.1980).
In the case sub judice, a review of the record shows that Martin has no procedural due process claim since her alleged property interest of receiving worker’s compensation benefits is not adversely affected by state action.
Under the statutory scheme of the LWCA, an employee, his dependent, the employer, or the insurer may file a claim regarding worker’s compensation when a dispute arises over compensation in connection with a worker’s injury resulting in excess of seven days lost time. LSA-R.S. 23:1310. Under former 23:1310.1, within thirty days after receipt of the claim, the director shall issue a recommendation to the parties for resolution of the dispute. The recommendation is advisory only and is not admissible into evidence in any subsequent legal proceeding. Id. Failure to reject the recommendation within the thirty day time period creates a presumption that the recommendation is accepted. Id. Once the recommendation is accepted, either expressly or tacitly, either party may apply for a modification of the recommendation at any time after six months from the date of acceptance. LSA-R.S. 23:1331(C).
*710 A plain reading of the aforementioned worker’s compensation statutes shows that the State is merely acting in a mediatory role in an effort to resolve a dispute between two private parties. Although participation in the informal dispute resolution proceeding is mandatory, the parties are in no way bound by the outcome. If the recommendation is unfavorable to Martin, she may reject the recommendation within the statutory time period and pursue a worker’s compensation claim in district court.
Explaining the nature of the informal dispute resolution proceeding, our Supreme Court stated:
“The director, who must evaluate each claim and issue a purely advisory recommendation within 30 days, with or without evidence, is authorized to act in a mediatory role rather than in a judicial capacity.”
Turner v. Maryland Cas. Co., 518 So.2d 1011, 1016 (La.1988).
Moreover, the State’s role in the recommendation procedure differs from the cases cited in brief by Martin. A sampling of the cases cited by Martin concern instances where the State makes a final, binding determination on the merits such as terminating basic welfare rights (Goldberg, supra), firing a civil service employee (Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 [1985]), and the “booting” of a vehicle because of its owner’s excessive parking violations (Wilson v. City of New Orleans, 479 So.2d 891 [La.1985]). In all three cases, the State was the adversary rather than the mediator.
Accordingly, we find that the trial court did not err in concluding that the provisions of the LWCA do not violate the due process clauses of either the United States Constitution or the Louisiana Constitution.
EQUAL PROTECTION ANALYSIS
Martin also contends that the administrative provisions of the LWCA deny her equal protection of the law. In support of her contention, Martin refers to the evi-dentiary hearing afforded to unemployment compensation claimants while a person seeking worker’s compensation is limited to submitting written evidence. Martin avers that she is discriminated against on the basis of her injury.
The Equal Protection Clause of the Fourteenth Amendment requires that no State shall deny to any person the equal protection of the laws. Unless the claimant falls within a suspect class, the proper analysis is the legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a state interest. Schweiker v. Wilson, 450 U.S. 221, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981).
Under the Louisiana Constitution, no law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. La. Const. Article 1, Section 3.
When a statute classifies persons on the basis of age, sex, physical condition, or political ideas, its enforcement shall be refused unless the State or other advocate of the classification has a reasonable basis. Sibley v. Bd. of Sup’rs of Louisiana State U., 477 So.2d 1094, 1107 (La.1985).
The guiding principle of equal protection is that all persons similarly situated shall be treated alike. Jenkins v. Whitfield, 505 So.2d 83 (La.App. 4th Cir.1987), writ denied, 506 So.2d 114 (La.1987).
We find the holding in Bonin at page 95 dispositive of this issue:
“We discern no similarity whatever between the classes or in the problems faced by each class which applicable state legislation is designed to remedy. The dissimilarity of the classes is so obvious that we do not deem it necessary to point with specificity to the differences. In any event, even if the classes be considered under like circumstances, in our view, the privileges conferred and the liabilities imposed by the LWCA serve a legitimate state objective, i.e., a method for the informal hasty resolution of the claims of injured workers which assures prompt payment of medical expenses and *711 worker’s compensation while at the same time affording the injured worker access to the courts in the event informal resolution is not accomplished.”
Therefore, we cannot say that the trial court erred in concluding that the administrative provisions' of the LWCA does not deny her equal protection of the law.
ADMINISTRATIVE PROCEDURE ACT
Martin’s third assignment of error concerns the trial court’s failure to conclude that the administrative provisions of the LWCA violate the provisions' of the Administrative Procedure Act (LSA-R.S. 49:950 et seq.). Martin avers that the Office of Worker’s Compensation (OWC) through the Louisiana Department of Labor is required to comply with the provisions of the Administrative Procedure Act, and OWC’s failure to afford claimants with a full hearing at the initial stage of eligibility determination violates LSA-R.S. 49:955.
LSA-R.S. 23:1291(B)(5) requires the OWC to establish and promulgate in accordance with the Administrative Procedure Act such rules and regulations necessary for governing the administration of claims and operation of the OWC.
The Administrative Procedure Act mandates that in an adjudication, all parties who do not waive their rights shall be afforded an opportunity for hearing after reasonable notice. LSA-R.S. 49:955. Included in the adjudication process is the opportunity to present evidence and respond to evidence on all issues of fact and argument on all issues of law. Id. Other procedural safeguards such as making a record of the adjudication proceedings and findings of fact based solely on the evidence presented is required under the statute. Id.
An “adjudication” is an “agency process for the formulation of a decision or order.” LSA-R.S. 49:951(1). A “decision” or “order” is the “whole or any part of the final disposition (whether affirmative, negative, injunctive, or declaratory in form) of any agency, in any matter other than rulemak-ing, required by constitution or statute to be determined on the record after notice and opportunity for an agency hearing ...” LSA-R.S. 49:951(3).
In the case sub judice, we agree with Royal’s contention that the adjudication requirements of the Administrative Procedure Act do not apply to the initial recommendation stage of the LWCA. The purely advisory recommendation made by the director is not a final disposition within the meaning of a “decision” or “order” under LSA-R.S. 49:951(3) since either party may reject the recommendation. The recommendation is an attempt by the director to informally resolve the dispute between the claimant and the employer. Turner, supra.[2] LWCA does provide a hearing if either party rejects the OWC’s recommendation. Bonin, supra.
UNREASONABLE DELAY
Martin contends that the administrative provisions of the LWCA unreasonably delay a claimant’s access to the courts. Martin refers to the thirty day period a claimant must wait until a recommendation is made by the director and the additional thirty day period in which the employer may reject the recommendation. LSA-R.S. 23:1310.1.
Article 1, Section 22 of the Louisiana Constitution reads:
“All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights.”
The thirty day waiting periods do not violate a claimant’s constitutional right of access to the courts without unreasonable delay. Bonin, supra.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are *712 assessed to plaintiff-appellant, Lee Alice Martin.
AFFIRMED.

. Bautsch and Royal filed a peremptory exception of no cause of action on the issue of arbitrary and capriciousness in terminating Martin’s worker’s compensation benefits on August 31, 1989. The trial court sustained the exception. Martin does not appeal this ruling.

. Our conclusion that the LWCA rules and regulations are not violative of the Administrative Procedure Act (LSA-R.S. 49:950) pretermits Martin’s fourth assignment of error.