PLOTKIN, Judge.
Plaintiff Willie Wilson appeals a trial court judgment dismissing his worker’s compensation claim against his former employer, defendant Roberts’ Gumbo Shop. We affirm.

Facts

Wilson was hired as a part-time dishwasher by Roberts’ Gumbo Shop on Monday, June 12, 1989. He claims that he injured his back while taking out the garbage pursuant to his job responsibilities on Sunday, July 16, 1989. On Monday, July 17, 1989, Wilson consulted Dr. R. Joseph Tamimie, a specialist in occupational injury at AMI Clinic, who examined Wilson on the request of Roberts’ Gumbo Shop. Dr. Tamimie testified at trial by referring to his notes on the plaintiff’s history, saying that plaintiff told him he had been injured at work, but that he found no objective evidence of injury at that time, although he believed the plaintiff had sprained or strained his back. He took x-rays of Wilson’s back and prescribed muscle relaxants and pain medication, as well as physical therapy. Dr. Tamimie released the plaintiff to return to work on July 28, 1989. Wilson returned to his duties at the gumbo shop on that date, but was subsequently fired on August 12, 1989.
Wilson later filed a claim with the Office of Worker's Compensation (OWC), which concluded after a hearing that Wilson’s claim for compensation was work related. As a result of that proceeding, Roberts’ Gumbo Shop was ordered to pay four days *63 worker’s compensation benefits for the period between the injury on July 16, 1989 and the date he returned to work on July 28, 1989, minus one week as provided by the worker’s compensation statutes for a total of four days. Roberts’ Gumbo Shop, which had previously paid Wilson the four days worker’s compensation benefits, unconditionally accepted the OWC recommendation. Wilson, however, rejected the recommendation and filed the instant suit seeking additional benefits.
At trial, besides his own testimony, Wilson presented the deposition of Dr. Charles R. Billings, who had examined Wilson on November 5, 1990, subsequent to the OWC hearing and more than a year after Wilson’s employment at Roberts’ Gumbo Shop was terminated. Dr. Billings stated his conclusion that Wilson suffered from a ruptured disc at L5-S1 and from a bulging disc at L4-L5, which he believed resulted from Wilson’s work-related injury. Dr. Billings also stated that Wilson was unable to perform his duties as a dishwasher and that Wilson had not reached maximum medical improvement, since he was a candidate for back surgery.
In rebuttal, Roberts’ Gumbo Shop offered the medical testimony of both Dr. Tamimie and Dr. Robert Mimeles, an orthopedic specialist who saw Wilson at the AMI Clinic. Both of those doctors indicated that Wilson’s injury was relatively minor and that no objective signs of injury were evident by the time Wilson was released to return to work on July 28, 1989. Dr. Tami-mie stated that Wilson was given some pain pills and muscle relaxants on his last visit in case he had any other problems, and that Wilson was encouraged to return for further treatment if he continued to experience pain. Dr. Mimeles testified extensively concerning the meaning of a finding that a patient had a ruptured or bulging disc, as well as the natural degeneration of the back as a person gets older. Dr. Mimeles admitted that he told Wilson that he should probably seek lighter-duty employment considering his history of back problems.
The defendant also presented evidence indicating that Wilson had a history of back troubles, including Charity Hospital records indicating that Wilson had sought treatment for a back injury between 1985 and 1989, but showing no entries for the period after Wilson’s alleged injury on July 16, 1989, when Wilson claims he was treated at Charity.
Roberts’ Gumbo Shop also presented the testimony of Richard Horodecky, its night supervisor/manager, who stated that he was on duty the night of Wilson’s alleged accident. Horodecky testified, in direct contradiction of Wilson’s story, that he had taken the garbage out on the night in question because Wilson was busy washing dishes. Additionally, Horodecky stated that Wilson could not have taken the garbage out at 10:30 as he testified because customers were still seated up until 11 p.m. and they never removed garbage in front of customers. Finally, Horodecky stated that Wilson never reported any injury to him on the night in question.
Roberts’ Gumbo Shop also presented evidence that Wilson had sought no medical treatment between July 28, 1989 and November 5, 1990 and that Wilson had done heavy lifting work on another job subsequent to his alleged injury on July 16, 1989. Wilson contends that the delay in seeking medical evidence was caused by the defendant’s failure to agree to pay the expenses for treatment by Dr. Billings, the physician of his choice. The Gumbo Shop presented evidence at trial indicating that they approved treatment by Dr. Billings through a letter written August 21, 1989.
After trial, the district judge issued judgment dismissing Wilson’s claims against Roberts’ Gumbo Shop. On request from the plaintiff, the judge issued oral reasons for judgment, which concluded with the following statement:
The Court is of the opinion and the evidence preponderates in favor of the defendant. Willie Wilson did not prove that he sustained a work-related accident on July 16, 1989, since his testimony is not clear and convincing and was contradicted as aforesaid.
*64 Wilson appeals that judgment, claiming that the trial court applied an incorrect evidentiary standard and that he was clearly wrong both in finding that Wilson did not sustain a work-related injury and in denying his request for temporary, total disability benefits, costs, penalties, and attorney’ fees. He also claims that the defendant should be estopped from arguing that he did not sustain a work-related accident because of other evidence in the record.

Evidentiary standard

Wilson claims that the trial court’s comments quoted above indicate that the judge found in the defendant’s favor because he failed to present “clear and convincing” evidence of his injury. Both parties agree that the proper standard of proof of injury for a worker’s compensation claimant is preponderance of the evidence. Bruno v. Harbert International Inc., 593 So.2d 357, 364 (La.1992).
We find no merit in the plaintiff’s arguments on this issue. Although the trial judge does say that Wilson’s testimony was not “clear and convincing,” his other comments indicate that he applied the correct “preponderance of the evidence” standard in deciding the case. The trial judge stated specifically that the “evidence preponderates in favor of the defendant.” His comments concerning the plaintiff's testimony were directed more toward Wilson’s credibility than to the level of proof necessary to prove the plaintiff’s case.

Weight of the evidence

This case involves directly conflicting evidence presented by the two parties, especially concerning Wilson’s testimony and Horodecky’s contradictory testimony. In determining whether the plaintiff indeed sustained a work-related accident, which was the first level of the trial judge’s analysis, the trial judge was required to weigh the testimony of those two primary witnesses and to make a credibility call. The trial judge called the case in favor of Horodecky’s testimony. A trial judge’s evaluation of credibility can virtually never be manifestly erroneous and, in the absence of manifest error, is not subject to reversal on appeal. Rosell v. ESCO, 549 So.2d 840, 845 (La.1989). Additionally, the record is replete with other evidence presented by the defendants indicating that Wilson is not disabled from working. Accordingly, we find no manifest error in the trial judge’s decision dismissing Wilson’s suit.

Other evidence

Wilson claims that the defendant’ should have been estopped- at trial from claiming that no accident ever occurred because until Horodecky took the stand, “there had been no indication in the pleadings or elsewhere that the defendants would attempt to suggest that the accident never happened.” He also points to the following evidence, which he says supports his own testimony: (1) Roberts’ Gumbo Shop’s affirmative acceptance of the recommendation of the OWC; (2) the fact that the supervisor who prepared the occupational injury report on July 17, 1989 did not indicate a possible dispute; (3) the fact that other documents prepared by the defendant to indicate that compensation payments had stopped contained no such indication; (4) Dr. Tamimie’s testimony; (5) Roberts’ Gumbo Shop’s payment of AMI Clinic charges, other doctor bills, and four days of compensation payments; (6) the presumption favoring positive evidence over negative evidence, and (7) Roberts’ Gumbo Shop’s failure to call its own employees to testify.
None of the evidence cited by the defendants requires that the trial judge find in favor of the plaintiff as a matter of law. Concerning the defendant’s acceptance of the recommendation of the OWC, LSA-R.S. 23:1310.1(A) provides specifically that “such recommendations shall be advisory only” and that they are not “accorded any presumption of correctness as to the facts or the law” in a subsequent proceeding. Additionally, this court has held that a recommendation which was rejected by either party is entitled to no relevance or weight in a subsequent worker’s compensation suit. Villescas v. T.J. Ward General Con *65 tractors, Inc., 504 So.2d 641, 644 (La.App. 4th Cir.1987).
Concerning the fact that the defendant provided medical treatment and paid other medical bills, LSA-R.S. 23:1204 provides specially that neither action “shall constitute an admission of liability for compensation.” Additionally, Dr. Taminie testified at trial that his diagnosis was based at least in part on Wilson’s version of his own medical history that he had injured his lower back while dragging out garbage cans as a part of his employment responsibilities. The fact that the doctor relied on the plaintiffs veracity in making a diagnosis cannot be used as proof that the plaintiff was telling the truth when he claimed that an accident occurred. The trial court had the discretion to judge the credibility of the witnesses. In this case, the factfinder obviously did not believe the plaintiffs version of how the injuries occurred. The testimony of the doctor may not be used as evidence that the trial court’s decision was incorrect.
Concerning the failure to call certain employees as witnesses, Roberts’ Gumbo Shop claims, and the trial court apparently found, that the testimony of those employees was not relevant. The other “evidence” cited by the plaintiff was available to the trial judge, but was insufficient to persuade him in Wilson’s favor. Despite the evidence cited by the plaintiff, we cannot find manifest error in the trial court judgment. We therefore affirm the trial court’s finding that the plaintiff failed to carry his burden of proving that he sustained a work-related injury.
We pretermit any discussion of the trial court’s failure to award Wilson temporary, total disability benefits, costs, penalties, and attorney’s fees. Since the plaintiff failed to prove that he sustained a work-related injury, he is not entitled to benefits under LSA-R.S. 23:1031.
Accordingly, the trial court judgment is affirmed.
AFFIRMED.