CHEHARDY, Judge.
On June 30, 1961, plaintiffs-appellants, Rhonda Reinhold and Clyde A. Stipe, husband and wife, entered into a building contract with defendant-appellee, Joseph A. Neyrey General Contractors, Inc., for construction of a residence at 3717 Neyrey Drive in Metairie, Louisiana. The Stipes occupied the residence in October of 1961.
Plaintiffs allege that in January of 1977 they became aware the house was sinking in the rear. They further claim a contractor surveyed the house and determined the pilings beneath the house were inadequate and that some of the pilings called for in construction blueprints were actually missing. Plaintiffs filed suit against the defendant on January 19,1978, claiming damages of $50,000 for expenses of leveling, devaluation of the house, and mental pain and suffering.
The trial court maintained the defendant’s exception of no cause of action and dismissed the plaintiffs’ suit at their cost, concluding that plaintiffs’ cause of action was pre-empted under LSA-R.S. 9:2772, which came into effect in 1964, and stating that the statute should be given retroactive effect since such an application would not divest the plaintiffs of a vested property right nor violate the due process clauses of the federal and state constitutions. Plaintiffs have appealed to this court.
LSA-R.S. 9:2772 states:
“A. No action whether ex contractu, ex delicto or otherwise, to recover on a contract or to recover damages shall be brought against any person performing or furnishing the design, planning, supervision, inspection or observation of construction or the construction of an improvement to immovable property:
(1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or
(2) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than ten years after the improvement has been thus occupied by the owner; or
(3)If the person furnishing the design and planning does not perform any inspection of the work, more than ten years after he has completed the design and planning with regard to actions against that person.
“B. The causes which are pre-empted within the time described above include any action:
(1) For any deficiency in the design, planning, inspection, supervision or observation of construction or in the construction of an improvement to immovable property;
(2) For damage to property, movable or immovable, arising out of any such deficiency;
(3) For injury to the person or for wrongful death arising out of any such deficiency; and
(4) Any action brought against a person for the action or failure to act of his employees.
“This pre-emptive period shall extend to every demand whether brought by direct action or for contribution or indemnity or by third party practice, and whether brought by the owner or by any other person.
“C. If such an injury to the property or to the person or if such a wrongful death occurs during the ninth year after the date set forth in Sub-section A, an action to recover the damages thereby suffered may be brought within one year after the date of the injury, but in no event more than eleven years after the date set forth in Sub-section A (even if the wrongful death results thereafter).
“D. Actions for the causes enumerated in Sub-section B of this Section, against the persons enumerated in Subsection A of this Section, shall prescribe by the applicable prescriptive periods established by law for such actions.
“E. The pre-emptive period provided by this Section shall not be asserted by way of defense by a person in possession or control, as owner, lessor, tenant, or *570 otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury, damage, or death sued upon with regard to any cause of action arising out of the alleged delict, quasi delict, or obligation of any such person arising out of his possession or control of property.
“F. Nothing in this Section shall be construed as modifying the liability or responsibility otherwise imposed by law on the owner of an immovable or the possessor, lessor or lessee of an immovable, by reason of the design, planning, supervision, inspection or observation of construction, or construction of improvements to immovable property.
“G. Causes of action which exist prior to July 29, 1964 shall be pre-empted one year from said date or by the applicable pre-emptive period established by this Section, whichever is later.”
In the case of Ardoin v. Hartford Acc. & Indem. Co., 360 So.2d 1331 (La.1978), the Supreme Court, in deciding that a statute which did not adopt a standard tied to locality for medical specialists should be given a retrospective effect and thus should be applied to facts arising prior to its promulgation, said at pages 1338-1339:
“The general principle of non-retroac-tivity of laws is stated in Article 8 of the Civil Code, which provides:
‘A law can prescribe only for the future; it can have no retrospective operation, nor can it impair the obligation of contracts.’
According to civilian theory, however, the principle of non-retroactivity of existing legislation admits three exceptions: laws that suppress or lessen penalties, laws that are merely interpretive of existing legislation, and those that the legislature has expressly or impliedly declared to be retroactive. 1 M. Planiol, Civil Law Treatise, Nos. 249-252 (La.St.L.Inst. Transl.1959); A. Yiannopoulos, Civil Law System, 68 (1977).
sfc j}c sfc s(c
“According to this Court’s consistent interpretation, Article 8 of the Civil Code contemplates substantive laws as distinguished from merely procedural or remedial laws which will be given retroactive effect in the absence of language showing a contrary intention. General Motors Acceptance Corporation v. Anzelmo, 222 La. 1019, 1028, 64 So.2d 417, 420 (1953); Stallings v. Stallings, 177 La. 488, 148 So. 687 (1933); State v. Brossette, 163 La. 1035, 113 So. 366 (1927).
“Applying these principles to La.R.S. 9:2794, we conclude that the statute should be given retrospective effect. To the extent that the statute establishes a burden of proof in malpractice actions, it clearly should be characterized as procedural and therefore applied to pre-exist-ing facts and relations. * * * ”
In further discussion of this issue, in Lott v. Haley, 370 So.2d 521, 523-524 (La.1979), the Supreme Court reiterated the general rule set forth in Ardoin, supra; however, the Court also said:
“ * * * This jurisprudential rule is subject to the exception that procedural and remedial laws are not accorded retroactive effect where such retroactivity would operate unconstitutionally to disturb vested rights. Orleans Parish School Board v. Pittman Construction Co., 261 La. 665, 260 So.2d 661 (1972); Succession of Lambert, 210 La. 636, 28 So.2d 1 (1946); Shreveport Long Leaf Lumber Co. v. Wilson, 195 La. 814, 197 So. 566 (1940).
“It is well established that statutes of limitation are remedial in nature and as such are generally accorded retroactive application. State v. Alden Mills, 202 La. 416, 12 So.2d 204 (1943); Shreveport Long Leaf Lumber Co. v. Wilson, supra; De Armas v. De Armas, 3 La.Ann. 526 (1848). However, statutes of limitation, like any other procedural or remedial law, cannot consistently with state and federal constitutions apply retroactively to disturb a person of a pre-existing right. Orleans Parish School Board v. Pittman Construction Co., supra. Nonetheless, a newly-created statute of limitation or one which shortens existing periods of limita *571 tion will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights. Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (1950); State v. Recorder of Mortgages, 186 La. 661, 173 So. 139 (1937). Moreover, the legislature is the judge of the reasonableness of the time and the courts will not interfere except where the time is so short as to amount to a denial of justice. Cooper v. Lykes, supra. Finally, where an injury has occurred for which the injured party has a cause of action, such cause of action is a vested property right which is protected by the guarantee of due process. Burmaster v. Gravity Drainage District No. 2 of the Parish of St. Charles, 366 So.2d 1381 (La.1978).”
In Lott, supra, the plaintiff’s cause of action arose in January 1972 when he was examined by Dr. Haley. He did not discover his condition, however, until April 1976 and did not file suit until March 1977. The applicable malpractice statute, LSA-R.S. 9:5628, stating that actions against physicians must be filed within a period of three years from the date of the neglect was enacted in the summer of 1975. Lott was divested of his cause of action before the statute came into effect; therefore, the Court concluded it could not apply the statute retroactively because to do so would be in violation of the due process guarantees of the federal and state constitutions.
However, we are not confronted with the situation of the Lott case and agree with the trial judge, who explained in reasons for judgment:
“Section G of the statute is expressly designed to correct this constitutional problem. Under that section, causes of action which existed prior to the effective date of the statute would not be preempted until one year from the effective date or until the applicable statutory period, whichever is later. Thus the situation which occurred in Lott, namely, the divesting of the cause of action before the statute even came into effect, cannot happen under 9:2772. Further, due to the sixteen-year time span between the contract date and the date of defect discovery, plaintiffs’ cause of action here would be preempted even if the time period for computing the preemption had not commenced until the effective date of the statute. In such a situation, no violation of due process is presented by the retroactive applicable of the statute. See also Orleans Parish School Board v. Pittman Construction Company, 372 So.2d 717 (La.App. 4th Circuit, 1979).”
We conclude, therefore, that plaintiffs had a reasonable time under the terms of LSA-R.S. 9:2772, to assert their rights, and there has been, therefore, no violation of their constitutional rights.
The plaintiffs also contend that when the foundation of their house was staked out and the positions of the pilings were marked on the ground, several markings were negligently omitted. They contend, therefore, applicability of the 1979 amendment to LSA-R.S. 9:2772, which states:
“A. No action, whether ex contractu, ex delicto or otherwise, to recover on a contract or to recover damages shall be brought against any person performing or furnishing the surveying, marking, and related services preparatory to construction or the design, planning, supervision, inspection, or observation of construction or the construction of an improvement to immovable property:
(3) If the person furnishing the surveying, marking, or related services or the design and planning does not perform any inspection of the work, more than ten years after he has completed the surveying, marking, or related services or the design and planning with regard to actions against that person.
“B. The causes which are preempted within the time described above include any action:
(1) For any deficiency in the surveying, marking, and related services or in the design, planning, inspection, supervision or observation of construction or in the *572 construction of an improvement to immovable property;
[See main volume for text of B(2) to (4); CtoF]
“G. Causes of action arising from the surveying, marking, and related services preparatory to construction which exist prior to the effective date of the 1979 Regular Session amendment to this Section shall be preempted one year from said date or by the applicable preemptive period established by this Section, whichever is later.”
Plaintiffs conclude, therefore, that since their suit was filed on January 19, 1978, it had not prescribed nor could it have prescribed until September 7, 1980. It is not necessary for this court to determine whether surveying or marking encompasses the staking of pile locations since a review of Mr. Stipes’ sworn testimony in deposition reveals that when he was called during the excavation of the house to observe the missing pilings, he saw that “There was a stick there in the ground showing where the pile should be, right exactly where the pile should be but there was no pile there.”
Therefore, even assuming that the plaintiffs have a cause of action that was not pre-empted due to the applicability of LSA-R.S. 9:2772 as amended by Acts 1979, No. 329, Section 1, Mr. Stipes has already testified under oath that the negligence or error involved was not the result of misplaced or missing markers.
Accordingly, the judgment of the trial court maintaining the defendant’s exception of no cause of action and dismissing the plaintiffs’ suit at their cost is affirmed in all respects.

AFFIRMED.