394 So.2d 822 (1981)
Charles J. BORDLEE, Sr.
v.
NEYREY PARK, INC., Joseph A. Neyrey General Contractors, Inc. and Joseph A. Neyrey.
No. 11578.
Court of Appeal of Louisiana, Fourth Circuit.
February 5, 1981.
William J. Luscy, III, Metairie, for plaintiff-appellant.
Hammett, Leake & Hammett, Herbert B. Bowers, III, New Orleans, for defendants-appellees.
Before BOUTALL, GARRISON and KLIEBERT, JJ.
KLIEBERT, Judge.
Plaintiff purchased a home from defendant, Neyrey Park, Inc., in November, 1963. In June, 1978 plaintiff discovered that the house was sinking on its southeastern corner. Plaintiff filed suit in redhibition on June 8, 1979 for damages allegedly incurred by defective construction. Made defendants were Neyrey Park, Inc., the seller; Joseph A. Neyrey General Contractors, Inc., the contractor, and Joseph A. Neyrey, individually, *823 who allegedly planned the specifications for the house.
Neyrey Park, Inc. filed an exception of no cause of action, which the trial court maintained on the basis plaintiff's cause of action was preempted under LSA-R.S. 9:2772. From this ruling plaintiff brought this appeal.
The appellant contends the trial court erred in applying the provisions of R. S. 9:2772 rather than the provisions of Article Code Articles 2534, 2545 and 2546 on redhibition.
R.S. 9:2772 provides as follows:
"Pre-emptive period for actions involving deficiencies in design, supervision or construction of improvements to immovables.
A. No action whether ex contractu, ex delicto or otherwise, to recover on a contract or to recover damages shall be brought against any person performing or furnishing the design, planning, supervision, inspection or observation of construction or the construction of an improvement to immovable property:
(1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or
(2) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than ten years after the improvement has been thus occupied by the owner; or
(3) If the person furnishing the design and planning does not perform any inspection of the work, more than ten years after he has completed the design and planning with regard to actions against that person.
B. The causes which are pre-empted within the time described above include any action:
(1) For any deficiency in the design, planning, inspection, supervision or observation of construction or in the construction of an improvement to immovable property;
(2) For damage to property, movable or immovable, arising out of any such deficiency;
(3) For injury to the person or for wrongful death arising out of any such deficiency; and
(4) Any action brought against a person for the action or failure to act of his employees.
This pre-emptive period shall extend to every demand whether brought by direct action or for contribution or indemnity or by third party practice, and whether brought by the owner or by any other person.
C. If such an injury to the property or to the person or if such a wrongful death occurs during the ninth year after the date set forth in Sub-section A, an action to recover the damages thereby suffered may be brought within one year after the date of the injury, but in no event more than eleven years after the date set forth in Sub-section A (even if the wrongful death results thereafter).
D. Actions for the causes enumerated in Sub-section B of this Section, against the persons enumerated in Sub-section A of this Section, shall prescribe by the applicable prescriptive periods established by law for such actions.
E. The pre-emptive period provided by this Section shall not be asserted by way of defense by a person in possession or control, as owner, lessor, tenant, or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury, damage, or death sued upon with regard to any cause of action arising out of the alleged delict, quasi delict, or obligation of any such person arising out of his possession or control of the property.
F. Nothing in this Section shall be construed as modifying the liability or responsibility otherwise imposed by law on the owner of an immovable or the possessor, lessor or lessee of an immovable, by reason of the design, planning, supervision, inspection or observation of construction, or construction of improvements to immovable property.

*824 G. Causes of action which exist prior to July 29, 1964 shall be pre-empted one year from said date or by the applicable pre-emptive period established by this Section, whichever is later. Added Acts 1964, No. 189, § 1."
Plaintiff is clearly within the purview of LSA-R.S. 9:2772, Sections A and B because this is an action brought against those "performing or furnishing the design, planning, supervision, inspection or observation of construction or the construction of an improvement to immovable property."
Under the statute, it matters not that the vice or defect did not manifest itself prior to that date. The legislature has fixed the absolute ten year peremptive period as the termination date for claims, regardless of whether or not the claims have manifested themselves.
It is axiomatic that a peremptive statute destroys a cause of action. As the Louisiana Supreme Court stated in Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899 (1900) at page 901:
"When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of prescription, but it is one of peremption. Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires, the cause of action no longer exists; it is lost." (emphasis added)
Any redhibitory action which existed in appellant's favor herein was lost by the passing of the ten year peremptive period.
Appellant also contends the application of R.S. 9:2772 to the case here is a retroactive application and would divest him of a vested cause of action in violation of his constitutional rights to due process.
In Stipe v. Joseph A. Neyrey General Contractors, Inc., 385 So.2d 568 (La.App. 4th Cir. 1980), the exact argument was presented to this Court and was ruled to be without merit. In Stipe, the plaintiff purchased and occupied a residence in 1961. The residence began sinking sixteen years later. This Court affirmed the district court's judgment holding the plaintiff's cause of action was pre-empted under LSA-R.S. 9:2772 (which came into effect in 1964). We also affirmed the lower court's ruling that the retroactive effect given to R.S. 9:2772 did not divest the plaintiff of a vested property right nor violate the due process clauses of the federal and state constitutions. This ruling was grounded in Section G of LSA-R.S. 9:2772, supra, which states "Causes of action which exist prior to July 29, 1964 shall be pre-empted one year from said date or by the applicable pre-emptive period established by this Section, whichever is later." Thus, we concluded that plaintiff had a reasonable time to assert his rights; hence, there has been no violation of his constitutional rights.
Accordingly, the judgment of the trial court maintaining the exception of no cause of action and dismissing plaintiff's suit at plaintiff's costs is affirmed in all respects. Plaintiff to bear costs of appeal.
AFFIRMED.