563 So.2d 371 (1990)
Donald LASSEIGNE and Jean Daigle Lasseigne
v.
SCHOUEST & SONS, BUILDERS.
No. 89/CA/0315.
Court of Appeal of Louisiana, First Circuit.
May 30, 1990.
J. Louis Watkins, III, Houma, for plaintiffs and appellants, Donald and Jean Lasseigne.
Barron Whipple, Houma, for defendant and appellee, Schouest & Sons, Builders.
Before CARTER, SAVOIE and ALFORD, JJ.
SAVOIE, Judge.
The question presented in this appeal is whether the ten year peremptive period of LSA-R.S. 9:2772 was interrupted by the defendant builder's actions such that the plaintiffs' suit should not have been dismissed.
The plaintiffs, Donald and Jean Lasseigne, filed suit against the defendant, Schouest & Sons, Builders, on September 16, 1988, seeking to recover repair costs to their home. The plaintiffs alleged that on December 21, 1976 they purchased a home from the defendant. The plaintiffs alleged that the defendant built the home pursuant to a contract with them and warranted to them that the home would not leak. According to the plaintiffs' petition, approximately four years after they moved into the house "they began experiencing leaks through the floor in the sunken den" due to poor construction. At the plaintiffs' request the defendant inspected the house, "tore up the steps in the ... sunken den and determined that there was [sic] wooden stobs in the slab ... that should have been removed prior to the completion of the house", and told the plaintiffs it would repair the problem. The plaintiffs also alleged that the slab of the sunken den cracked and that water leaked into the den whenever there was a hard rain. The plaintiffs alleged that the defendant refused *372 to repair the den despite the plaintiffs' phone calls requesting repair.
The defendant filed a peremptory exception raising the objection of prescription, citing LSA-R.S. 9:2772. The exception was sustained by the trial judge, and he dismissed the plaintiffs' suit. From this judgment the plaintiffs appeal.
The plaintiffs raise as error the trial court's finding that their claim was prescribed, the trial court's application of LSA-R.S. 9:2772 to their claim, and the trial court's failure to apply LSA-C.C. art. 3500 to the case.
We find that the trial court was correct in applying LSA-R.S. 9:2772 to the case sub judice. LSA-R.S. 9:2772 reads in pertinent part as follows:
§ 2772. Peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon
A. No action, whether ex contractu, ex delicto, or otherwise, to recover on a contract or to recover damages shall be brought against ... any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of an improvement to immovable property:
(1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or
(2) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than ten years after the improvement has been thus occupied by the owner; or
* * * * * *
B. The causes which are perempted within the time described above include any action:
(1) For any deficiency in the performing or furnishing of land surveying services, as such term is defined in the first paragraph of R.S. 37:682(9), including but not limited to those preparatory to construction or in the design, planning, inspection or observation of construction, or in the construction of any improvement to immovable property;
(2) For damage to property, movable or immovable, arising out of any such deficiency;
(3) For injury to the person or for wrongful death arising out of any such deficiency; and
(4) Any action brought against a person for the action or failure to act of his employees.
This peremptive period shall extend to every demand whether brought by direct action or for contribution or indemnity or by third party practice, and whether brought by the owner or by any other person.
C. If such an injury to the property or to the person or if such a wrongful death occurs during the ninth year after the date set forth in Sub-section A, an action to recover the damages thereby suffered may be brought within one year after the date of the injury, but in no event more than eleven years after the date set forth in Sub-section A (even if the wrongful death results thereafter).
D. Actions for the causes enumerated in Sub-section B of this Section, against the persons enumerated in Sub-section A of this Section, shall prescribe by the applicable prescriptive periods established by law for such actions.
* * * * * *
H. (1) The peremptive period provided by this Section shall not apply to an action to recover on a contract or to recover damages against any person enumerated in Subsection A of this Section, whose fraud has caused the breach of contract or damages sued upon. The provisions of this Subsection shall be retroactive.
(2) In any such action in which fraud is alleged, that issue shall be decided by trial separate from and prior to the trial of any or all other issues.
The defendant supported its position that LSA-R.S. 9:2772 was applicable with three cases: Stipe v. Joseph A. Neyrey General Contractors, Inc., 385 So.2d 568 (La.App. 4th Cir.1980), Bordlee v. Neyrey *373 Park, Inc., 394 So.2d 822 (La.App.4th Cir. 1981), and McMahon v. Cool-Vue Aluminum Home Improvement, Inc., 499 So.2d 348 (La.App. 4th Cir.1986). The plaintiffs contend that these cases are distinguishable because the defects were not discovered until after the ten year peremptive period whereas in the case sub judice the defect was discovered during the ten year period. We initially note that the plaintiffs' contention is incorrect as to the McMahon case where the defect appeared and the defendant attempted to repair the problem during the ten year period. We find that the time the defect manifested itself or was discovered is irrelevant since the ten year peremptive period commenced to run from the time the plaintiffs occupied or took possession of their house, which was December 21, 1976, according to the act of sale. The legislature established the ten year peremptive period of LSA-R.S. 9:2772 to protect architects and contractors from liability for past construction projects which could extend for an indefinite time period. Burmaster v. Gravity Drainage District No. 2, 366 So.2d 1381 (La.1978). To achieve this purpose, LSA-R.S. 9:2772 establishes a definite time from which the ten year period starts to run which is not dependent on the discovery of the defect.
The plaintiffs also contend that the applicable prescriptive periods are LSA-C.C. arts. 2762 and 3500 based on LSA-R.S. 9:2772 D.[1] These Civil Code articles do establish a ten year warranty period for construction contracts which LSA-R.S. 9:2772 does not effect since it does not bar any cause of action which arises during the ten year warranty period. KSLA-TV, Inc. v. Radio Corp. of America, 501 F.Supp. 891 (W.D.La.1980), affirmed in part, remanded on other grounds, 693 F.2d 544 (5th Cir.1982). However, in this case, while the plaintiffs' cause of action arose during the ten year period, the plaintiffs failed to file suit until after the ten year period.
The ten year period for filing suit in LSA-R.S. 9:2772 is peremptive.[2]Bunge Corp. v. GATX Corp., 557 So.2d 1376 (La. 1990). "Peremption is prescription which is not subject to interruption or suspension." Bunge Corp., 557 So.2d at 1379. (Citation omitted). See also LSA-C.C. art. 3461. Therefore, any repairs or promises to repair alleged to have been made by the defendant in this case would not interrupt the ten year peremptive period established by LSA-R.S. 9:2772. (We also note that LSA-R.S. 9:2772 does not except cases where repairs or promises to repair have been made from the ten year period.)
For these reasons, we find that the trial court was correct in applying LSA-R.S. 9:2772 to the plaintiffs' suit and that the plaintiffs' assignments of error have no merit. However, the trial court did not allow the plaintiffs the opportunity to amend their petition to remove the grounds for the exception. LSA-C.C.P. art. 934. *374 Thus, we remand this matter to the trial court to give the plaintiffs the opportunity to amend their petition to remove the grounds for the exception if they are able to do so.
In conclusion, we affirm the trial court's judgment insofar as it maintained the defendant's exception. Further, we order that this case be remanded to the trial court to allow the plaintiffs fifteen (15) days from finality of this judgment to amend their petition. Costs of this appeal to be paid by the plaintiffs.
AFFIRMED AND REMANDED.
NOTES
[1] LSA-C.C. art. 2762 reads as follows:

Art. 2762. Liability of contractor for damages due to badness of workmanship
If a building, which an architect or other workman has undertaken to make by the job, should fall to ruin either in whole or in part, on account of the badness of the workmanship, the architect or undertaker shall bear the loss if the building falls to ruin in the course of ten years, if it be a stone or brick building, and of five years if it be built in wood or with frames filled with bricks.
LSA-C.C. art. 3500 reads as follows:
Art. 3500. Action against contractors and architects
An action against a contractor or an architect on account of defects of construction, renovation, or repair of buildings and other works is subject to a liberative prescription of ten years.
[2] Because LSA-R.S. 9:2772 is a peremptive statute, the defendant's exception is more properly labeled an exception raising the objection of no cause of action rather than an exception raising the objection of prescription.

`[P]rescription bars the remedy sought to be enforced and terminates the right of access to the courts for enforcement of existing right. A peremptive statute, however, totally destroys the previously existing right with the result that, upon expiration of the prescribed period, a cause of action or substantive right no longer exists to be enforced.' Pounds v. Schori, 377 So.2d 1195, 1198 (La.1979).
Bunge Corp. v. GATX Corp., 557 So.2d 1376 (La.1990).
We also note that the exception was tried solely based on the petition and the act of sale attached to the petition.