GUIDRY, J.
 

 | sAppellants, Sherie Landry wife oi/and Raymond Burkart, Jr. (the Burkarts), appeal from a judgment of the trial court granting a peremptory exception raising the objection of prescription filed by defendant, John E. Bruce, and dismissing their claim against him with prejudice. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 On August 28, 2002, the Burkarts purchased a home in Highlands Subdivision in Covington, Louisiana, from defendants, Elaine and James Williamson. On or about September 26, 2002, water started leaking into the home during periods of rainfall. Consequently, on August 1, 2003, the Burkarts filed a petition for damages naming the Williamsons, as well as other prior homeowners in the chain of title, realtors, and unidentified insurance companies as defendants, asserting claims in redhibition and tort.
 

 Rhonda Hemelt wife of/and Christopher Aubert (the Auberts), who originally purchased the home at issue from the contractors, LCV Partnership (LCV), filed a third party demand on October 9, 2003, naming LCV and its sole partners Lee Road Development Company; Crowne Colony Builders, Inc.; and Viking Land, Inc. as third party defendants. The Auberts asserted that LCV designed and built the home and sold the home to them in May 1995. The Auberts stated that they had previously filed suit against these same defendants under the New Home Warranty Act to compel LCV to complete punch list items on the house; however, when the work was completed, the Auberts dismissed this first suit against LCV without prejudice. Finally, the Auberts contended that in the event the court found the defendants liable to the plaintiffs, the incident sued upon occurred as a result of LCVs defective design, construction, and repair of the home.
 

 Sometime in 2004 the Burkarts retained a civil engineer who, upon examining the home and performing moisture testing, determined that the exterior walls of the | .¡home were not constructed with a secondary water barrier, and that this improper method of construction caused the widespread water intrusion throughout the Burkarts’ home. Additionally, he determined that improper flashing of the windows, roof penetrations, and chimney and roof valleys created leaking problems or the potential for leaking problems.
 

 Thereafter, the Burkarts filed a first supplemental and amending petition on August 2, 2005, naming LCV and its insurers as defendants and asserting claims for negligence, negligent supervision, respondent superior, and claims under the Louisiana New Home Warranty Act and La. C.C. art. 2545. The Burkarts subsequently filed a second supplemental and amend
 
 *638
 
 ing petition on April 11, 2008, naming John E. Bruce d/b/a Advanced Design Group, Inc. as a defendant for his negligence in failing to properly design the plans for the home. The Burkarts’ three petitions alleged that all of the defendants were liable jointly, severally, and in solido.
 

 On June 12, 2008, Mr. Bruce filed a peremptory exception raising the objection of prescription, asserting that the Bur-karts’ claim against him had prescribed one year from the date his design drawings were completed, or sometime in 1996. Following a hearing, the trial court signed a judgment sustaining Mr. Bruce’s exception and dismissing the Burkarts’ claim against him with prejudice. The Burkarts now appeal from this judgment.
 

 DISCUSSION
 

 Ordinarily, the party pleading prescription bears the burden of proving the claim has prescribed. However, when the face of the petition reveals that the plaintiffs claim has prescribed, the burden shifts to the plaintiff to demonstrate prescription was interrupted or suspended.
 
 Kirby v. Field,
 
 04-1898, p. 6 (La.App. 1st Cir.9/23/05), 923 So.2d 131, 135,
 
 writ denied,
 
 05-2467 (La.3/24/06), 925 So.2d 1230.
 

 | aThe Burkarts’ original petition for damages stated that they purchased their home in August 2002 and that they began to experience problems with water leaking into the home in September 2002. The second supplemental and amending petition naming Mr. Bruce as a defendant was not filed until April 11, 2008. As such, it would appear on the face of the petition that their claim against Mr. Bruce is prescribed.
 

 On appeal, the Burkarts assert that the ten-year prescriptive period applicable to architects applies to their claim against Mr. Bruce, and as such, their claim is not prescribed, because it was filed within ten years of their discovery of the defects in their home.
 
 See
 
 La. C.C. art. 3500. Alternatively, the Burkarts argue that if the one-year prescriptive period applicable to delictual actions applies to their claim, then their claim is still timely, because the one-year period was interrupted by the timely filing of their petition against other defendants who they assert are liable jointly, severally, and in solido with Mr. Bruce.
 
 See
 
 La. C.C. arts. 2324 and 3492.
 

 However, a determination of which prescriptive period applies to the instant case is not necessary for resolution of this matter, because we find
 
 sua sponte
 
 that the Burkarts’ claim against Mr. Bruce is preempted in accordance with La. R.S. 9:2772.
 
 See
 
 La. C.C.P. art. 927(B).
 
 [1]
 

 Louisiana Revised Statute 9:2772 provides,
 
 [2]
 
 in part:
 

 A.
 
 No action,
 
 whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or
 
 to recover damages,
 
 or otherwise
 
 arising out of an engagement of planning, construction,
 
 
 *639
 

 design, or building immovable or movable 'property which may include,
 
 without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or 1 r,administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or
 
 against any person performing or furnishing the design, planning,
 
 supervision, inspection, or observation of construction or the construction of im-movables, or improvements to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1(9):
 

 (l)(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.
 

 (b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part,
 
 more than five years after the improvement has been thus occupied by the owner.
 

 [3]
 

 (Emphasis added.)
 

 The legislature established the peremptive period in La. R.S. 9:2772 to protect “any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables” from liability for past construction projects, which could extend for an indefinite period of time.
 
 See Lasseigne v. Schouest & Sons, Builders,
 
 563 So.2d 371, 373 (La.App. 1st Cir.1990). To achieve this purpose, La. R.S. 9:2772 establishes a definite time period from which the peremptive period starts to run, which is not dependent on the discovery of the defect.
 
 Lasseigne,
 
 563 So.2d at 373. Because the period is peremptive, it cannot be renounced, interrupted, or suspended. La. C.C. art. 3461;
 
 see In re Succession of James,
 
 07-2509, p. 4 (La.App. 1st Cir.8/21/08), 994 So.2d 120, 123,
 
 writ denied,
 
 08-2302 (La.12/12/08), 996 So.2d 1119. Furthermore, exceptions to prescription, such as
 
 contra non valen-tem,
 
 do not apply to a peremptive period.
 
 Succession of James,
 
 07-2509 at p. 4, 994 So.2d at 123.
 

 | ./Therefore, according to La. R.S. 9:2772(A)(1), the peremptive period for filing an action against Mr. Bruce commenced to run from either the date the acceptance of the work by the owner was filed for registry, or if no acceptance was filed within six months from the date the owner occupied or took possession of the improvement, then from the date the improvement was thus occupied by the owner. In the instant case, there is no evidence as to when or if an acceptance of the work was filed in the mortgage office by the original owners. However, it is undisputed that the Auberts, the original owners of the home at issue, purchased and occupied the home in May 1995. The Bur-karts did not file their second supplemental and amending petition naming Mr. Bruce as a defendant until April 2008, some
 
 thirteen years
 
 after the original owners took possession of the home. Therefore, under any time period pursuant to any and all versions of La. R.S. 9:2772, the
 
 *640
 
 Burkarts’ claim against Mr. Bruce is preempted.
 

 Accordingly, we find no error in the trial court’s judgment dismissing the Burkarts’ claim against Mr. Bruce with prejudice.
 

 CONCLUSION
 

 For the foregoing reasons, we affirm the judgment of the trial court, dismissing the Burkarts’ claim against Mr. Bruce with prejudice. All costs of this appeal are to be borne by the appellants, Sherie Landry wife of/and Raymond Burkart, Jr.
 

 AFFIRMED.
 

 [1]
 

 . In 2008, La. C.C.P. art. 927(A) was amended to add peremption as an objection that may be raised by peremptory exception. Further, paragraph B was amended to permit the trial court or the appellate court to supply the objection of peremption on its own initiative.
 
 See
 
 La. C.C.P. art. 927, Revision Comments— 2008 (c) and (d).
 

 [2]
 

 . Louisiana Revised Statute 9:5607 sets forth a similar peremptive period for actions against professional engineers and architects. However, because the Burkarts failed to introduce any evidence at the hearing to support their contention that Mr. Bruce is an architect, and the allegations in their petition unequivocally state that Mr. Bruce is
 
 not
 
 a registered and/or licensed architect, we find that La. R.S. 9:2772 applies to the instant case.
 

 [3]
 

 . Louisiana Revised Statute 9:2772 originally had a ten-year period when it was added by 1964 La. Acts, No. 189, § 1. In 1999, the period was decreased to seven years by 1999 La. Acts, No. 1024, § 1. The period was shortened to the current five-year period in 2003 by 2003 La. Acts, No. 919, § 1. For purposes of this discussion, however, it is not necessary to determine which version of La. R.S. 9:2772 applies to the instant case, because under any time period — ten, seven, or five years — the Burkarts’ claims are preempted.