STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 0911

BEVERLY CONSTRUCTION, L.L.C.

VERSUS

WADSWORTH ESTATES, L.L.C.

*Judgment Rendered:*   FEB 2 6 2020

* * * * * * * *

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 2014-14476

The Honorable Martin E. Coady, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Edward J. Castaing, Jr.<br>Edward J. Lilly<br>New Orleans, Louisiana | Counsel for Defendant/Appellant<br>Wadsworth Estates, L.L.C. |
| Lloyd N. Shields<br>Andrew G. Vicknair<br>Ashley B. Robinson<br>New Orleans, Louisiana | Counsel for Plaintiff/Appellee<br>Beverly Construction Company,<br>L.L.C. |

* * * * * * * *

BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.

**THERIOT, J.**

Wadsworth Estates, L.L.C. appeals the Twenty-Second Judicial District Court's September 28, 2018 judgment granting Beverly Construction Company, L.L.C.'s peremptory exception of peremption, and the Twenty-Second Judicial District Court's January 22, 2019 judgment denying Wadsworth Estates, L.L.C.'s motion for new trial. For the following reasons, we affirm both judgments.

## FACTS AND PROCEDURAL HISTORY

On July 14, 2006, Beverly Construction Company, L.L.C. ("Beverly"), as contractor, entered into a construction contract with Wadsworth Estates, L.L.C. ("Wadsworth"), as owner. Pursuant to the contract, Beverly agreed to perform certain work for the development of a subdivision known as Wadsworth Subdivision, which was located in Covington, Louisiana. In June 2008, Beverly sent a request for payment to Wadsworth via an invoice dated May 30, 2008. According to Beverly, Wadsworth refused to pay Beverly for the work billed in the May 30, 2008 invoice. Beverly asserts that, in June 2008, it stopped work due to non-payment and never returned to the project.

On November 25, 2008, Beverly filed suit against Wadsworth for breach of contract.[1] Beverly and Wadsworth ultimately reached a settlement and executed a settlement agreement to end the litigation. As part of this settlement, Wadsworth executed and provided to Beverly a promissory note in the amount of $1,971,000, as well as a related mortgage securing the note.

On October 9, 2014, Beverly filed a petition to enforce the promissory note and, alternatively, for modification of the settlement agreement. Beverly alleged that the promissory note, and thus, the mortgage, were in default, because Wadsworth had failed to fully pay the note despite amicable demand. Beverly also claimed that Wadsworth had breached the settlement agreement.

---

[1] According to the parties, this lawsuit was filed in the Twenty-Second Judicial District Court and captioned *Beverly Construction, L.L.C. v. Wadsworth Estates, L.L.C.*, case no. 2008-16287.

On April 25, 2016, Beverly filed a first amended and restated petition to enforce the promissory note and, alternatively, for modification of the settlement agreement. On August 1, 2016, Wadsworth filed an answer to Beverly's petition and first amended petition. Subsequently, Beverly filed a second amended and restated petition to enforce the promissory note and mortgage and for breach of the settlement agreement and mortgage. On December 11, 2017, Wadsworth filed an answer to the second amended petition and a reconventional demand. In the reconventional demand, Wadsworth alleged that it had contracted with Beverly to conduct land work, such as clearing and paving, on the land at issue. Wadsworth asserted that it had paid Beverly for the services that were performed, but that Beverly went beyond the terms and scope of any contract and, against the express authorization and consent of Wadsworth, dug and constructed two lakes of approximately eleven acres that were reserved for a later phase of construction that was not ready for commencement. Thus, Wadsworth sought damages from Beverly for the unauthorized construction of the lakes.

On June 21, 2018, Beverly filed a peremptory exception of peremption in response to Wadsworth's reconventional demand. In an accompanying memorandum, Beverly asserted that Wadsworth's reconventional demand is subject to a five year peremptive period pursuant to La. R.S. 9:2772. According to Beverly, Wadsworth's claim against Beverly for damages began when Wadsworth began occupying or possessing the property. Beverly provided three possible dates on which the five year peremptive period would have begun to run: (1) in June 2008 when Beverly left the project; (2) on November 25, 2008, when Beverly filed suit for non-payment; or (3) on August 17, 2011, when Wadsworth requested a change from residential to commercial zoning for the project.

On September 28, 2018, the trial court signed a judgment granting Beverly's exception of peremption and dismissing Wadsworth's reconventional demand as

untimely. In oral reasons, the trial court explained that, even if Wadsworth had not started occupying the property once Beverly left the property, Wadsworth had certainly started occupying the property when Wadsworth filed for the zoning change in 2011. Thus, the trial court found that the five year preemptive period had run.

On October 11, 2018, Wadsworth filed a motion for new trial in response to the trial court's judgment granting Beverly's exception of peremption. On January 22, 2019, the trial court signed a judgment denying Wadsworth's motion for new trial. This appeal followed.

## ASSIGNMENTS OF ERROR

Wadsworth assigns the following as error:

(1) The trial court erred in granting Beverly Construction, L.L.C.'s peremptory exception of peremption based upon a determination that the five year preemptive period provided for in La. R.S. 9:2772 commenced to run from August 17, 2011, when Wadsworth made a request to the St. Tammany Parish Planning Department for a Planned Unit Development "PUD" amendment for the Wadsworth Property.

(2) The trial court erred in denying Wadsworth's motion for new trial, rejecting Wadsworth's argument that it was not the developer of the Wadsworth Property authorized by the St. Tammany Parish Comprehensive Zoning Ordinance to make major amendments to the Wadsworth Property PUD.

(3) The trial court erred in denying Wadsworth's motion for new trial, rejecting Wadsworth's argument that it was enjoined by the 22nd Judicial District Court from proceeding with the unilateral application for the Wadsworth Property PUD, represented by the August 27, 2011 letter.

(4) The trial court erred in denying Wadsworth's motion for new trial, rejecting Wadsworth's argument that it did not take the necessary steps to complete the submission for an amendment to the Wadsworth Property PUD.

(5) The trial court erred in denying Wadsworth's motion for new trial, rejecting Wadsworth's argument that Warren Treme did not have the authority to submit a proposed amendment to the Wadsworth Property PUD on behalf of Wadsworth.

4

## STANDARD OF REVIEW

The objection of peremption is raised by the peremptory exception. La. Code Civ. P. art. 927(A)(2). Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. However, if peremption is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not perempted. *Satterfield & Pontikes Construction, Inc. v. Breazeale Sachse & Wilson, LLP,* 2015-1355 (La. App. 1 Cir. 1/10/17); 212 So.3d 554, 558, *writ denied,* 2017-0268 (La. 3/31/17); 217 So.3d 363.

At a hearing on a peremptory exception of peremption pleaded prior to trial, evidence may be introduced to support or controvert the exception. *Satterfield,* 212 So.3d at 558; see also La. Code Civ. P. art. 931. In the absence of evidence, an exception of peremption must be decided upon the facts alleged in the petition with all of the allegations accepted as true. However, when evidence is introduced, the court is not bound to accept plaintiff's allegations as true. If evidence is introduced, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. If those findings are reasonable in light of the record reviewed in its entirety, an appellate court cannot reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Lomont v. Bennett,* 2014-2483 (La. 6/30/15); 172 So.3d 620, 627.

On review of a ruling on a motion for new trial, the applicable standard of review is whether the trial court abused its discretion. *Zavala v. Dover Construction USA, LLC,* 2017-0001 (La. App. 1 Cir. 4/11/18); 249 So.3d 24, 28.

## DISCUSSION

### Assignment of Error #1

In its first assignment of error, Wadsworth argues that the trial court erred in granting Beverly's exception of peremption based upon its determination that the

5

five year peremptive period provided in La. R.S. 9:2772 commenced to run from August 17, 2011, when Wadsworth made a request to the St. Tammany Parish Planning Department for a PUD amendment for the property at issue.[2]

The parties do not dispute the applicability of La. R.S. 9:2772, which states in pertinent part:

> A. Except as otherwise provided in this Subsection, no action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1:
>
> (1)(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.
>
> (b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner. (Emphasis added.)

Accordingly, if an acceptance of the construction is recorded within six months of occupancy, the peremptive period begins on the date the acceptance is recorded; if no acceptance is recorded within six months of occupancy, the peremptive period begins on the date of occupancy. *Bank v. Rayford*, 2017-1244 (La. App. 1 Cir. 3/29/18); 247 So.3d 733, 737.

---

[2] Following the trial court's judgment granting Beverly's exception of peremption, Wadsworth filed a motion for new trial and produced several documents that had not previously been presented to the court. Later in this opinion, we find that the trial court did not abuse its discretion in denying Wadsworth's motion for new trial. Thus, in reviewing this assignment of error, we only consider the exhibits that were before the trial court when it ruled on the exception of peremption.

The legislature established the peremptive period in La. R.S. 9:2772 to protect "any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables" from liability for past construction projects, which could extend for an indefinite period of time. To achieve this purpose, La. R.S. 9:2772 establishes a definite time period from which the peremptive period starts to run, which is not dependent on the discovery of the defect. *Burkart v. Willamson*, 2009-0294 (La. App. 1 Cir. 11/13/09); 29 So.3d 635, 639.

Peremptive statutes are strictly construed against peremption and in favor of maintaining the claim. Of the possible constructions, the one that maintains enforcement of the claim or action, rather than the one that bars enforcement, should be adopted. *Rando v. Anco Insulations Inc.*, 2008-1163 (La. 5/22/09); 16 So.3d 1065, 1083. Peremption may not be renounced, interrupted, or suspended. La. Civ. Code art. 3461.

Louisiana jurisprudence has interpreted the wording of La. R.S. 9:2772(A)(1)(b) to mean possession or occupancy. See *Ebinger v. Venus Const. Corp.*, 2010-2516 (La. 7/1/11); 65 So.3d 1279, 1284 (stating that the peremptive period provided by La. R.S. 9:2772 began when homeowners took possession of the house or filed an acceptance of the work); *Kelleher v. Custom Homes by Jim Fussell, Inc.*, 2015-1798 (La. App. 1 Cir. 6/3/16); 2016 WL 3127395 at *1 (unreported) (noting that the plaintiffs took possession of or began to occupy the property at issue on a particular date); *Lasseigne v. Schouest & Sons, Builders*, 563 So.2d 371, 373 (La. App. 1 Cir. 1990) (finding that La. R.S. 9:2772's peremptive period commenced to run from the time the plaintiffs occupied or took possession of their house).

The Louisiana Civil Code distinguishes "possession" from "ownership." *Goal Properties, Inc. v. Prestridge*, 2015-225 (La. App. 3 Cir. 10/7/15); 177 So.3d

7

126, 128. As La. Civ. Code art. 3421 states in relevant part, "[p]ossession is the detention or enjoyment of a corporeal thing, movable or immovable, that one holds or exercises by himself or by another who keeps or exercises it in his name." Further, Black's Law Dictionary defines "possession" in relevant part as "[t]he fact of having or holding property in one's power; the exercise of dominion over property." Black's Law Dictionary (11th ed. 2019).[3]

The Louisiana Civil Code defines occupancy only as it relates to corporeal movables. See La. Civ. Code art. 3412. However, Black's Law Dictionary defines "occupancy" as "[t]he act, state, or condition of holding, possessing, or residing in or on something; actual possession, residence, or tenancy, [especially] of a dwelling or land." Black's Law Dictionary further states that "[i]n this sense, the term denotes whatever acts are done on the land to manifest a claim of exclusive control and to indicate to the public that the actor has appropriated the land." Black's Law Dictionary (11th ed. 2019).

In this case, there was no recordation of acceptance pursuant to La. R.S. 9:2772(A)(1)(a); accordingly, the five year peremptive period began to run on the date that Wadsworth occupied or took possession of the property. The pertinent dates in this case are as follows. On July 14, 2006, Beverly and Wadsworth entered into their construction contract, pertaining to the Wadsworth property at issue. In June 2008, Beverly apparently stopped work due to non-payment and never returned to the project. The parties do not dispute that on November 25, 2008, Beverly filed suit against Wadsworth for breach of contract. On August 17, 2011, Warren Treme, one of the two members of Wadsworth, sent a letter on behalf of Wadsworth to the St. Tammany Parish Planning Department, formally requesting a zoning change for the property at issue. On December 11, 2017,

---

[3] By contrast, ownership is the right that confers on a person direct, immediate, and exclusive authority over a thing. The owner of a thing may use, enjoy, and dispose of it within the limits and under the conditions established by law. La. Civ. Code art. 477(A).

Wadsworth filed its reconventional demand seeking damages from Beverly for the unauthorized construction of the lakes. Accordingly, if Wadsworth occupied or possessed the property at issue (and thus, its improvements) prior to December 11, 2012, which is five years before Wadsworth filed its reconventional demand, then Wadsworth's reconventional demand is perempted.

The trial court determined that, at the latest, Wadsworth's occupancy of the property at issue began on August 17, 2011, when Warren Treme sent the letter requesting a PUD amendment for the property. This letter was sent from Warren Treme to Helen Lambert, the Assistant Director of the St. Tammany Parish Planning Department. The letter stated in pertinent part:

> In relation to our recent meeting, this letter is to formally request a PUD Amendment for the Wadsworth Property located at the northwest corner of the intersection of I-12 and LA Hwy. 1088. Enclosed with this letter is the following information:
>
> 1. A copy of the Exhibit "A" showing the proposed zoning district . . . that we are proposing to change from the present PUD will be submitted within a few days.
>
> 2. A copy of the approved PUD plan of the entire property with the legal description.
>
> 3. A copy of the 92 acre site and legal description owned by Wadsworth LLC.
>
> 4. A check in the amount of $75.00 for the application fee.
>
> We understand that as part of the PUD Amendment, we must comply with the design criteria requirements for landscaping, signage, lighting and parking. Therefore, we will comply with these requirements.

The letter was signed by Warren Treme and the name, address, and phone number for Wadsworth was handwritten underneath Warren Treme's name.

Wadsworth's attorney admitted during the August 29, 2018 hearing that Wadsworth had applied for a zoning change. In seeking the zoning change, Wadsworth was exercising dominion over the property. The zoning change would have changed the purpose of the entire property, including the lakes dug by

Beverly. Accordingly, we find the trial court did not manifestly err in finding that Wadsworth occupied or possessed the property as of August 17, 2011, when Treme sent the letter. See *Lomont*, 172 So.3d at 627. As such, Wadsworth's claim was perempted when Wadsworth filed its reconventional demand on December 11, 2017. The trial court properly granted Beverly's exception of peremption. This assignment of error lacks merit.

Assignments of Error #2, #3, #4, and #5

In its remaining assignments of error, Wadsworth argues that the trial court erred in denying its motion for new trial. Wadsworth attached several documents to its memorandum in support of its motion for new trial, which it had not presented in its response to Beverly's exception of peremption. These documents included the affidavit of Ashton J. Ryan, Jr., the managing member of Wadsworth; an agreement to purchase and sell between The Azby Fund (as seller) and Wadsworth (as purchaser); the August 17, 2011 letter; a petition for preliminary injunction and permanent injunction filed by The Azby Fund, which sought to prevent Wadsworth from amending the property's PUD; a September 29, 2011 order from the trial court issuing a preliminary injunction enjoining Wadsworth from seeking an amendment to the property's PUD; a judgment signed October 19, 2011 granting The Azby Fund's motion for preliminary injunction; and the affidavit of Warren Treme.

Louisiana Code of Civil Procedure article 1972 provides:

A new trial shall be granted, upon contradictory motion of any party, in the following cases:

(1) When the verdict or judgment appears clearly contrary to the law and the evidence.

(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.

(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.

Further, a new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law. La. Code Civ. P. art. 1973; see *Horton v. Mayeaux*, 2005-1704 (La. 5/30/06); 931 So.2d 338, 345.

Louisiana Code of Civil Procedure article 1972(2) pertains to newly discovered evidence. When a motion for new trial is based on the grounds of newly discovered evidence, the motion should be granted when such evidence: (1) is not merely cumulative; (2) would tend to change the result of the case; and (3) was newly discovered after trial, and could not, with due diligence, have been obtained before or during trial. *In re Succession of McLean*, 2009-1851 (La. App. 1 Cir. 6/11/10); 2010 WL 2342752, at *3 (unreported). Due diligence does not require that a party do all that is possible to discover the evidence; it requires that a party do all that is reasonable to lead to the discovery of the evidence. *Barker v. Rust Engineering Co.*, 428 So.2d 391, 394 (La. 1983).

At the hearing on Wadsworth's motion for new trial, Wadsworth's attorney asked the court to revise the judgment "based on the new documents" provided. However, Wadsworth's attorney does not dispute that the documents were available prior to trial court's consideration of the exception of peremption. The only documents that were new were the affidavits of Ashton Ryan, dated October 10, 2018, and Warren Treme, dated October 11, 2018, both of which could have reasonably been obtained prior to the trial court's hearing on the exception of peremption. Accordingly, the evidence provided by Wadsworth does not warrant any of the grounds set forth in La. Code Civ. P. art. 1972.

Although a new trial may be granted in any case if there is good ground therefor, Wadsworth has failed to provide any such grounds. We have conducted a thorough review of the record before us and cannot say that the trial court abused

11

its discretion in denying the motion for new trial. <u>See</u> *In re Succession of McLean*, 2010 WL 2342752, at \*3. These assignments of error lack merit.

## DECREE

For the above and foregoing reasons, the Twenty-Second Judicial District Court's September 28, 2018 judgment granting Beverly Construction, L.L.C.'s peremptory exception of peremption is affirmed. The Twenty-Second Judicial District Court's January 22, 2019 judgment denying Wadsworth Estates, L.L.C.'s motion for new trial is also affirmed. Costs are assessed to Appellant, Wadsworth Estates, L.L.C.

**AFFIRMED.**